IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Harry Wendell Anderson, Jr.,** | : | |
| Plaintiff, | : | Case No. 2:14-cv-0191 |
| v. | : | Judge Watson |
| **Ohio Department of Rehabilitation and Correction, et al.,** | : | Magistrate Judge Abel |
| Defendants. | : | |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants Ohio Department of Rehabilitation and Correction, Whitt, Dunn, Deck, and Chamberlin, through counsel, timely file this Motion to Dismiss for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff, based upon the allegations and pleadings in his Complaint and construed in a light most favorable to him, can prove no set of facts that would entitle him to relief and Defendants are therefore entitled to judgment as a matter of law. The attached Memorandum supports Defendants' position.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

*s/ Segev Phillips*
SEGEV PHILLIPS (0090144)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215-6001
(614) 728-4145
Fax: (855) 472-1522
Segev.Phillips@ohioattorneygeneral.gov
Trial Counsel for Defendants

**MEMORANDUM**

I. **PLAINTIFF'S COMPLAINT**

Plaintiff Harry Wendell Anderson, Jr. (# 625-677) is a prison inmate in the custody and control of the Ohio Department of Rehabilitation and Correction, and is currently housed at Chillicothe Correctional Institution (CCI). (*See* Complaint, Doc. # 5, p. 1.)  Plaintiff's Complaint details five completely unrelated claims which include causes of action which variously name as Defendants the Department of Rehabilitation and Correction (ODRC) and four employees thereof including two nurses and two corrections officers.  (*Id.*, p. 1.)  Specifically, Plaintiff raises the following claims:

- Heat claim: In this claim brought against ODRC, Plaintiff alleges that the heat was not turned on until one week or so after it had been scheduled to be turned on.  (*Id.*, pp. 6-7.) Cold air came in "through the opened and some broken-out windows." (*Id.*)  During that delay, the temperature dropped to as low as 38 degrees.  (*Id.*)  The thin sheets and blankets issued to all were "far from adequate."  (*Id.*)  Plaintiff "asks to be compensated for [his] discomfort fifty million dollars" and demands that ODRC also pay for other items.  (*Id.*)

- Mouse bite claim:  In this claim brought against ODRC, corrections officer Whitt, and nurse Dunn, Plaintiff alleges that he reported to Whitt and a nurse on duty that a mouse bit him at about 10:25 p.m.  (*Id.*, pp. 9-11.)  They had him fill out a health request form.  (*Id.*) Approximately 10 hours later he was seen by Dunn and a doctor.  (*Id.*)  He was given a tetnis shot but no blood test was done.  (*Id.*)  Plaintiff alleges that his arm still throbs.  (*Id.*) For "the neglect on the part of all the members involved," including ODRC's hiring of the staff, Plaintiff seeks fifty million dollars.  (*Id.*)

- Pills claim: In this claim, brought against ODRC, corrections officer Deck, and nurse Chamberlin, Plaintiff alleges that Deck made him leave the building without having an opportunity to see the doctor when Plaintiff was trying to get his heartburn medicine renewed. (*Id.*, pp. 12-15.) He also kept going to nurse call but "never could make it past nurse sick call … to see the doctor on account of c/o Deck's attitude towards [him]." (*Id.*) On one occasion Deck told Plaintiff to get out and nurse Chamberlin found it amusing. (*Id.*) Plaintiff has "been suffering due to the negligence of c/o Deck and E.R. nurse Chamberlin." (*Id.*) Moreover, ODRC has refused to provide him with "a sufficient supply of pills to prevent the acid from burning a growing hole in his esophagus." (*Id.*) For those issues, Plaintiff demands fifty million dollars and that Defendants pay other expenses. (*Id.*)

- Back injury claim: Plaintiff alleges that, on the way back from a shower, his foot slipped out from under him and he fell down the remaining steps. (*Id.*, pp. 16-20.) He was examined and then taken to the hospital an hour and a half later. (*Id.*) He was limited to light lifting and was diagnosed with a contusion, a diagnosis with which Plaintiff disagrees. (*Id.*) His follow up appointment was 13 days after that trip to the hospital. (*Id.*) He was prescribed Tylenol, but nothing stronger for pain. (*Id.*) None of the individual Defendants to this case had any involvement with this cause of action. (*Id.*) The only Defendant is ODRC, which he alleges failed to keep him in good health, and against whom Plaintiff seeks a judgment in the amount of $100,000,000. (*Id.*)

- Asbestos claim: Plaintiff seeks an award of $150,000,000 from ODRC for his injuries arising out of asbestos exposure at CCI. (*Id.*, pp. 21-23.) None of the individual Defendants have any involvement with this cause of action. (*Id.*)

Those claims are not actionable because A) the Eleventh Amendment to the United States Constitution and the text of 42 U.S.C. § 1983 demand dismissal of Plaintiff's claims for monetary

3

damages against ODRC, thus depriving this Court of subject matter jurisdiction; B) ODRC cannot be held liable on a *respondeat superior* basis; and C) Plaintiff's allegations, even taken in the light most favorable to him, fail to state a claim upon which relief can be granted.

## II. <u>LAW AND ANALYSIS</u>

A. <u>Plaintiff's claims against ODRC are barred by the Eleventh Amendment to the United States Constitution and the plain language of 42 U.S.C. § 1983, and therefore fail to establish proper subject-matter jurisdiction in this Court.</u>

Plaintiff's claims against ODRC are barred by Eleventh Amendment immunity and the resulting lack of proper subject-matter jurisdiction in this Court. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI. In 1890, Justice Harlan, in a concurring opinion in *Hans v. Louisiana*, wrote that a "suit directly against a State by one of its own citizens is not one to which the judicial power of the United States extends, unless the State itself consents to be sued." *Hans v. Louisiana*, 134 U.S. 1, 21 (1890). As a result, the Eleventh Amendment's bar to a state being sued by citizens of a different state extends to its own citizens. Therefore, regardless of the basis for the claim, the Eleventh Amendment absolutely bars suits in federal court against a state, whether for damages or injunctive relief, unless the state has waived its sovereign immunity or consented to be sued in federal court. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).

The State of Ohio has not waived its immunity from suit in federal court. *Moss v. Columbus Board of Education*, 98 F. App'x. 393, 395 (6th Cir. 2004)*, quoting Mixon v. State of Ohio*, 193 F.3d 389, 397-397 (6th Cir. 1999). Nor has Congress, in

4

enacting 42 U.S.C. § 1983, abrogated states' immunities under the Eleventh Amendment. *Wyatt v. Cole*, 504 U.S. 158 (1992).

Indeed, the plain language of 42 U.S.C. § 1983 precludes Plaintiff's claims against ODRC. 42 U.S.C. § 1983 provides,

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The United Sates Supreme Court, in *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989), made clear that a state is not a person within the meaning of § 1983. As a result, ODRC is not a proper defendant in a 42 U.S.C. § 1983 suit.

Thus, Plaintiff's attempt to sue ODRC, an agency of the State of Ohio[1], for monetary relief is barred and the Court has no subject-matter jurisdiction over ODRC with regard to Plaintiff's claims.

Here, all of Plaintiff's claims against ODRC are for monetary damages. They must all be dismissed for the reasons stated above. Moreover, ODRC is the only named Defendant in the Heat, Back Injury, and Asbestos claims. Therefore, those claims do not have any remaining Defendants and must be dismissed.

---

[1] *See* R.C. § 121.02(P), which creates, among other entities, the Ohio Department of Rehabilitation and Correction (ODRC); and *See* R.C. § 5149.02, which creates the Ohio Adult Parole Authority (OAPA) as a bureau level department within the Division of Parole and Community Services under the auspices of the ODRC. Both named Defendants are administrative departments of the State of Ohio. "It is well settled that sovereign immunity applies to 'state agents and instrumentalities,' like ODRC, in addition to the states themselves." *Lutz v. Ohio Department of Rehabilitation and Correction,* Case No. 2:10-cv-877, 2010 U.S. Dist. LEXIS 125374, *citing Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x. 363, 366 (6th Cir. 2008), *quoting Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997).

B.   Plaintiff's claims against ODRC also fail because *respondeat superior* is an improper basis for liability under § 1983.

Even if Plaintiff's claims against ODRC were not barred by the Eleventh Amendment and the text of § 1983, they would still fail because *"[r]espondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.,* 433 F.3d 460, 470 (6th Cir.2006). An employer can be held responsible only if there is a causal link between a policy or custom of the entity and an alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes,* 398 F.3d 868, 877 (6th Cir.2005) ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory .... [A] private contractor is liable for a policy or custom of that private contractor...."). Plaintiff must thus "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir.1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir.1987), *overruled on other grounds by Frantz v. Vill. of Bradford,* 245 F.3d 869 (6th Cir.2001)). Plaintiff has not identified a policy or custom of ODRC that gave rise to his alleged injuries. Therefore his claims against ODRC also fail on those grounds.

C.   Plaintiff's claims against the individual Defendants do not describe a violation of Plaintiff's constitutional rights, and therefore must be dismissed.

Plaintiff has not stated a claim against any of the named Defendants. Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss any complaint that fails to "state a claim upon which relief can be granted." In determining whether a complaint should be dismissed under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Silvernail v. County of Kent*, 385 F.3d 601, 604 n.3 (6th Cir. 2004). However, the court is required to accept only "well pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the

6

pleaded facts." *Blackburn v. Fisk Univ.*, 443 F.2d 121, 122 (6th Cir. 1971). While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)(per curiam), the principles requiring liberal construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *see also Anderson v. U.S. Atty. Gen.*, No. 1:13CV2074, 2014 WL 1051146, at *3 (N.D. Ohio Mar. 18, 2014) ("District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments."). A complaint that lacks a "short and plain statement of the claim showing that the pleader is entitled to relief" or that lacks "plausibility in the complaint" may be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Moreover, a successful claim under 42 U.S.C. § 1983 must identify a right secured by federal law and the deprivation of that right by a person acting under color of state law. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). In order to establish personal liability upon a government officer in a § 1983 action, the plaintiff must show that the official "acting under color of state law, caused the deprivation of a federal right. *Hafer v. Melo*, 520 U.S. 21, 25 (1991). Further, "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right. *Moniz v. Cox*, 512 F.App'x 495, 499 (6th Cir. 2013) (quoting *Terrence v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (quotation marks omitted) (emphasis in original).

A review of the claims against each named individual Defendant demonstrates why dismissal is appropriate:

*Mouse-Bite Claim Against Corrections Officer Whitt and Nurse Dunn*

Plaintiff's claim against Whitt, a corrections officer, is that after Plaintiff was bit by a mouse, he "reported to c/o Whitt the whole story. But c/o Whitt and the nurse that was on duty over at medical that night both failed to do their jobs by giving me immediate medical attention. This 3rd shift crew only had me to [sic] fill out a health request form and that was all they did for me that night." (Doc. 5, p. 9.) Plaintiff was seen by medical staff at 8:25 the next morning, ten hours after the report. (*Id.*)

Plaintiff's claim against nurse Dunn relates to that care at 8:25 in the morning. He notes that he "was finally seen by nurse Dunn and then followed up with Dr. Artrip," who is not a Defendant. (*Id.*) He was given a tetnis shot, though Plaintiff believes that he should have received a blood test. (*Id.*)

Plaintiff has failed to make a claim against either Defendant. Plaintiff states that he seeks damages for "neglect," which the undersigned believes could only be an attempt to state an Eighth Amendment claim for deliberate indifference to a serious medical need. (*Id.*, p. 11.) Such a claim is cognizable only if Plaintiff can make a two-part showing including both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective element requires Plaintiff to show that a prison official denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Under the subjective element, Plaintiff must establish that a prison official acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834. Mere negligence does not amount to deliberate indifference, a "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff fails to establish either element. Initially, Plaintiff's allegations suggest that he was immediately seen by a nurse and then again seen by a nurse and a doctor 10 hours later, at which

8

point he was administered a tetnis shot.  (Doc. 5, p. 9.)  This level of care does not indicate that he was denied "the minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347.  Moreover, that response does not evidence a deliberate indifference to Plaintiff's medical needs.  Plaintiff's disagreement with his medical care does not evidence that his constitutional rights were violated.

Further, for both named Defendants, the allegations suggest that a person with superior medical training saw the Plaintiff – the 3rd-shift nurse was aware of the issue along with Whitt and Dr. Antrip followed up with Plaintiff after Plaintiff was seen by Nurse Dunn.  In both cases, the reliance of the named Defendant on the judgment of a person with more medical training demonstrates that they were not deliberately indifferent.  *See Spears v. Ruth*, 589 F.3d 249, 255 (6th Cir. 2009).  For these reasons, the claims against corrections officer Whitt and nurse Dunn should be dismissed.

*The Pills Claim Against Corrections Officer Deck and Nurse Chamberlin*

Plaintiff's only allegations against Deck and Chamberlin are that on two occasions Deck told him to "get out" when Plaintiff tried to go to sick call and that on one of those occasions, Chamberlin found it amusing.  (Doc. 5, pp. 12-14.)  Plaintiff acknowledges that he went to nurse sick call often.  Plaintiff's allegations do not establish that Deck or Chamberlin had any involvement in the deprivation of any right, nor can the undersigned discern what federal right Plaintiff is attempting to implicate.  *See Anderson v. U.S. Atty. Gen.*, No. 1:13CV2074, 2014 WL 1051146, at *3 (N.D. Ohio Mar. 18, 2014) ("District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.").  Plaintiff alleges that he has "been suffering due to the negligence of c/o Deck and E.R. nurse Chamberlin since they constantly fail to do their jobs by not treating all inmates like normal human beings."  (Doc. 5, p. 14.)  That legal conclusion is not supported by any of the allegations in the Complaint.  Moreover,

9

even if it was, negligence does not establish a constitutional violation, at least for Eighth Amendment purposes.  *Estelle*, 429 U.S. at 106.

Here, because Plaintiff's Complaint is devoid of any factual allegations that Deck or Chamberlin actually caused or participated in any conduct that led to the deprivation of Plaintiff's federal rights, his Complaint cannot state any plausible claim against them.  Consequently, the Court should dismiss those Defendants for failure to state a claim against them.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully ask this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted and because the claims against ODRC are barred by the 11th Amendment.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

*s/ Segev Phillips*
SEGEV PHILLIPS (0090144)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215-6001
(614) 728-4145
Fax: (855) 472-1522
Segev.Phillips@ohioattorneygeneral.gov
Trial Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing, DEFENDANT'S MOTION TO DISMISS has been electronically filed with the Court's ECF System this 29th day of April, 2014 and has been sent to Harry Wendell Anderson, #625-677, at c/o Chillicothe Correctional Institution, PO Box 5500, 15802 State Route 104 North, Chillicothe, OH 45601, via United States ordinary mail, postage prepaid on this day.

*s/ Segev Phillips*
SEGEV PHILLIPS (0090144)
Assistant Attorney General