IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Harry W. Anderson, Jr., | : | |
| Plaintiff | : | Civil Action 2:14-cv-00191 |
| v. | : | Judge Watson |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

# Report and Recommendation

Plaintiff Harry Wendell Anderson, Jr., a state prisoner at the Belmont Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants have violated his constitutional rights. This matter is before the Magistrate Judge on defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Whitt, Dunn, Deck and Chamberlin's April 29, 2014 motion to dismiss (doc. 9).

**I.** **Allegations in the Complaint**

The complaint alleges that the heat in the prison was turned on a week later than it was scheduled to be turned on. Maintenance workers told the inmates that the heat would be turned on by October15, 2014, but it was not turned on until October 22, 2014. Cold air came through the open and/or broken windows, and the temperature dropped to as low as 38 degrees at night. Plaintiff's sheets and blankets were inadequate to keep him warm. Plaintiff caught a cold because of the lack of heat, as did other inmates.

The complaint alleges that Anderson was bitten by a mouse on August 26, 2013. At 10:25 p.m., plaintiff reported the bite to defendant Whitt and a nurse. He was told to fill out a health request form. He was denied immediate medical attention. Anderson was seen ten hours later by a doctor and defendant Dunn. Although he was given a tetanus shot, he was not given a blood test for any potential diseases. His cell is not safe because it does not keep mice and spiders out. His arm continually aches as a result of the bite. The complaint asserts that "lack of pain pills is a big issue."

The complaint also alleges that Correction Officer Deck and Nurse Chamberlin have interfered with his ability to obtain his heartburn medicine. Deck refused to honor a pass to see the doctor and incorrectly stated that plaintiff had just seen the doctor the week before. Plaintiff was attempting to get his heartburn medicine, and he suffers greatly when he goes without it.  The complaint alleges that ODRC has refused to provide him with a sufficient supply of pills to prevent a hole from growing in his esophagus and places him at risk of getting cancer. He used to receive the pills at no expense, but now he has to pay for them. The complaint asserts that he has not been able to see the doctor regarding his need for the medicine because he has not been able to get past the nurses.

The complaint further alleges that after taking a shower, plaintiff injured his back when he slipped and fell down stairs while wearing slippery shower shoes that had been purchased at the commissary. He was examined and taken to the hospital. He was limited to light lifting and prescribed Tylenol. He was supposed to be seen by the

prison doctor within 3 days, but he was not seen for 13 days. He was refused a wheelchair and back brace. He was not given any pain medication. He was only prescribed Tylenol for ten days. He disagrees with the diagnosis of contusion.

The complaint alleges that plaintiff is the property of ODRC, and, as a result, ODRC is required to take good care of him and maintain him in excellent health. Plaintiff maintains that ODRC should have to pay for all of his future medical bills, dental bills, provide him with a new house, pay for his funeral and burial expenses, and for a new set of teeth.

## II. Arguments of the Parties

### A. Defendants

Defendants argue that plaintiff's claims against ODRC are barred by the Eleventh Amendment and that this Court lacks proper subject-matter jurisdiction. The Eleventh Amendment bars suits in federal court against a state, whether for damages or injunctive relief, unless the state has waived its sovereign immunity or consented to be sued in federal court. The state of Ohio has not waived its immunity from suit in federal court, and Congress did not abrogate the states' immunities in enacting 42 U.S.C. § 1983. Defendant maintains that all of plaintiff's claims against ODRC are for money damages and must be dismissed. Defendants also contend that ODRC is the only named defendant for plaintiff's claims based on lack of heating and his back injury. As a result, defendants argues that those claims must be dismissed in their entirety. Defendants further argue that even if plaintiff's claims against ODRC were not barred

by the Eleventh Amendment, plaintiff's claims against it must be dismissed because respondeat superior is not a basis for liability under Section 1983.

Defendants further argue that plaintiff's claims against the individual defendants do not describe a violation of his constitutional rights and must be dismissed. A violation of constitutional rights cannot be founded upon conclusory, vague or general allegations. Plaintiff is required to allege facts that show the existence of the asserted constitutional rights violation and what each defendant did to violate that right.

Plaintiff's claim against Whitt, a corrections officer, is that Whitt failed to give him immediate medical attention following a mouse bite. Plaintiff reported that he was bitten at 10:30 p.m. He was not seen by medical staff until 8:25 the next morning by Nurse Dunn. Defendant maintains that plaintiff has failed to make a claim against either Whitt or Dunn. Although he asserts a claim for "neglect," plaintiff is required to show that the a prison official acted with deliberate indifference to a serious medical need. Mere negligence does not amount to deliberate indifference.

Defendants maintain that plaintiff's only allegations against Deck and Chamberlin are that on two occasions, Deck told plaintiff to get out when he tried to go to sick call. Defendants maintain that these allegations do not establish that Deck or Chamberlin deprived plaintiff of any right. The complaint alleges that plaintiff has "been suffering due to the negligence of c/o Deck and E.R. nurse Chamberlin since they constantly fail to do their jobs by not treating all inmates like normal human beings." Doc. 5 at PageID# 60.

4

### B. Plaintiff

Plaintiff argues that if his claims are dismissed he will suffer from life-long health problems due to his injuries. He maintains that a review of his claims demonstrates that all four defendants were involved in each of claims.

### III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to

5

offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.   Discussion**

Here, Anderson has brought suit against the Ohio Department of Rehabilitation and Correction, a state agency. Defendant ODRC is not an entity that can be sued. It is an arm of the state. The State is immune under the Eleventh Amendment from suits against it. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993). Because ODRC is the only named defendant for plaintiff's claims for lack of heat and his back injury, the Magistrate Judge RECOMMENDS that these claims be dismissed because the State has immunity under the Eleventh Amendment.

Plaintiff's remaining claims based on the mouse bite and the inability to obtain medicine for his heartburn appear to be based on the Eighth Amendment. The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani,* 577

F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary*, 273 F.3d 693], 703 [(6th Cir. 2001)."  *Scott*, 577 F.3d at 648. Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle,* 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.

7

2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

  Plaintiff's claim based on the ten hour delay between reporting that he was bitten by a mouse and being seen by a physician fails to a state a claim upon which relief can be granted. Plaintiff has failed to allege facts demonstrating his medical need was serious and that defendants Whitt and Dunn had a sufficiently culpable state of mind. Plaintiff reported that he was bitten at night, and he was seen by a doctor the following morning. The complaint stated that Whitt indicated that he didn't see any marks on plaintiff's arm. The complaint alleges "[b]ut how could he when the marks were tiny and it was dark at 10:00 p.m." Although plaintiff maintains that his arm still aches, he has not shown that the named defendants, Whitt and Dunn, were indifferent to his serious medical needs. Instead, they ensured that he was seen by a physician the following day. Plaintiff maintains that he should have had his blood drawn to investigate possible diseases, but the doctor believed that it was not necessary. Plaintiff has not alleged facts demonstrating that the doctor's refusal was based on deliberate indifference to his serious medical needs. At most, plaintiff alleges that the doctor was

8

negligent, but mere negligence does not violate the Eighth Amendment. Moreover, the doctor has not been named as a defendant.

Plaintiff has also failed to state an Eighth Amendment claim based on his inability to obtain medicine for his heartburn. Plaintiff alleges that he was supposed to see a doctor on April 2, 2013, but his medical record could not be located. He was re-issued a pass to see the doctor the following week. Deck did not honor the pass because he believed that plaintiff had seen the doctor as scheduled on April 2, and plaintiff had to see the nurse at sick-call before he was able to see the doctor again. These factual allegations do no constitute a violation of plaintiff's Eighth Amendment rights. The complaint alleges that Deck required plaintiff to go through the proper procedure prior to seeing the doctor. Deck was mistakenly believed that plaintiff had seen the doctor when he had not. This does not rise to deliberate indifference. Plaintiff maintains that he used to receive his heartburn medication free of charge, but now he doesn't. He also contends that he is not provided with sufficient pills to control his heartburn. The complaint does not allege either Deck or Chamberlin or responsible for prescribing plaintiff medication; nor does the complaint allege that they responsible for the provision of free medications to inmates. As a result, any claim regarding the provision of his heartburn medication as alleged in plaintiff's complaint fails against defendants Deck and Chamberlin.

## V. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Whitt, Dunn, Deck and Chamberlin's April 29, 2014 motion to dismiss (doc. 9) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
