UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Harry Wendell Anderson,

    Plaintiff,

    v.                                  Case No. 2:14–cv–191

Ohio Department of Rehabilitation       Judge Michael H. Watson
and Correction, *et al.*,                     Magistrate Judge Abel

    Defendants.

## OPINION AND ORDER

Harry Wendell Anderson ("Plaintiff"), proceeding *pro se*, brings this 42 U.S.C. § 1983 action against the Ohio Department of Rehabilitation and Correction ("ODRC"), Sheridan Whitt, Denise Dunn, Terry Deck, and Nicole Chamberlin (collectively "Defendants"), alleging a denial of his constitutional right to medical treatment. Defendants moved to dismiss the action for failure to state a claim and for lack of subject matter jurisdiction. ECF No. 9. The Magistrate Judge issued a report and recommendation ("R&R") recommending the Court grant Defendants' motion. ECF No. 14. Plaintiff objects. ECF No. 16.

If a party objects within the allotted time to an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's first objection is that the Court has not ruled on his motion for extension of time to respond to Defendants' motion to dismiss or his "motion for rebuttal to strike the defendants['] motion." This objection is without merit, as the Magistrate Judge granted Plaintiff's motion for extension of time, ECF No. 13, and the record does not reflect a motion for rebuttal.[1]

Plaintiff next appears to object to the Magistrate Judge's finding that Defendant ODRC is entitled to sovereign immunity. This objection is also without merit. ODRC is a state agency, the State of Ohio has not waived immunity from suit, and Congress has not abrogated Ohio's immunity in 42 U.S.C. § 1983 actions. Accordingly, sovereign immunity bars Plaintiff's claims for money damages against ODRC, and the Magistrate Judge did not err in so finding. See *Ernst v. Rising*, 427 F.3d 351, 358–59 (6th Cir. 2005) (states are immune from suit absent waiver of immunity or abrogation of immunity by Congress); *Reid v. State of Tenn.*, 68 F.3d 475, at *2 (6th Cir. 1995) ("Section 1983 does not abrogate eleventh Amendment immunity.") (citation omitted); *Danford v. Ohio Dept. of Rehab. and Corrs.*, No. 2:10–CV–124, 2011 WL 245588, at *2 (S.D. Ohio Jan. 25, 2011) ("The ODRC is an agency of the State of Ohio. Neither

---

[1] To the extent Plaintiff means to cite his response to Defendants' motion to dismiss, the Magistrate Judge would have considered his response in issuing the R&R.

the ODRC nor the State of Ohio have waived their sovereign immunity to suit in this court.").[2]

For the foregoing reasons, Plaintiff's objections are **OVERRULED**. The Court therefore **ADOPTS** the R&R and dismisses Plaintiff's complaint. The Clerk shall enter final judgment and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] While the R&R explicitly dismisses Plaintiff's claims against ODRC based on the lack of heat in the facility and his back injury, the Court also dismisses Plaintiff's asbestos claim on sovereign immunity grounds, which he appears to assert against only ODRC. Compl. at PAGEID ## 67–69, ECF No. 5.